ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This appeal involves a dispute over approximately four-tenths of an acre of undeveloped property in Scott County, Mississippi. On April 25, 2008, Mitchell Ryan Mahaffey filed a complaint for ejectment and “confirmation of common boundary” in the Scott County Chancery Court. Mahaffey named Shelby Maner and Bonnie Maner as defendants. After Mahaffey presented his case-in-chief, he moved to amend his complaint to conform with the evidence presented at trial. The chancellor denied Mahaffey’s motion. The Man-ers moved for a directed verdict. The chancellor characterized the Maners’ motion as a motion to dismiss. Finding that the Maners had adversely possessed the property at issue, the chancellor granted the Maners’ motion. Aggrieved, Mahaffey appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In June 2009, Mahaffey sued the Maners, who owned property adjacent to his. Mahaffey claimed that the Maners had built a fence that encroached on portions of his property. According to his complaint, Mahaffey requested that the chancellor eject the Maners from his property and confirm his ownership of the disputed portions of land. The Maners filed a counterclaim and argued that they had adversely possessed the disputed property.
 

 ¶ 3. At trial, Mahaffey called Pat Martin, a registered land surveyor, to testify as an expert witness. Martin testified that he surveyed Mahaffey’s property. Martin
 
 *1192
 
 also testified that he reviewed a 1969 survey conducted by Tatum Shirley. According to Martin, Shirley committed an error when he had surveyed the property in 1969. Specifically, Martin testified that Shirley did not begin his survey at the correct point of beginning. Martin thought that Shirley’s error had stemmed from an incorrect declination setting.
 

 ¶ 4. After Martin testified, Mahaffey’s mother, Miriam Mahaffey, testified. Miriam is Mahaffey’s predecessor-in-title. Miriam testified regarding the placement of a barbed-wire fence that once ran along the northern boundary of Mahaffey’s property. However, according to Miriam, she rarely visited the property after she acquired it.
 

 ¶ 5. Mahaffey testified after Miriam. He explained that he had acquired the property from his mother in May 1997. Mahaffey testified that he did not live on the property at issue. Likewise, he did not maintain any fences on the property. However, according to Mahaffey, he visited the property “quite a bit” to fish.
 

 ¶ 6. Mahaffey then called Joe Townsend as an adverse witness. Townsend testified that, in 1994, “Mr. Buster,” the Maners’ predecessor in title, asked him to survey the boundary between his property and what is now Mahaffey’s property. According to Townsend, Miriam told him that his survey was not correct.
 

 ¶ 7. Mahaffey rested after Townsend testified. Mahaffey then moved to amend his complaint to conform to the evidence. That is, Mahaffey sought to have the chancery court reform the legal description in his chain of title to correct any inconsistencies in the description. Mahaffey argued that the chancery court should modify the point of commencement so that it corresponded to the point of commencement in Martin’s survey.
 

 ¶ 8. The Maners opposed Mahaffey’s motion and argued that he was not entitled to amend his complaint or amend his deed. The chancery court ultimately determined that Mahaffey was not entitled to raise a collateral attack of the 1969 partition action unless that judgment was found to be void. The chancery court also noted that Mahaffey had expressly stated that he was not raising a collateral attack on the 1969 partition action. Furthermore, the chancery court held that Mahaffey was not entitled to amend his complaint to conform to the evidence. Finally, the chancery court held that the Maners had adversely possessed the disputed .4-acre section of property. Aggrieved, Mahaffey appeals.
 

 ANALYSIS
 

 ¶ 9. Mahaffey claims the chancery court erred when it denied his motion to amend his complaint to conform to the evidence. Mahaffey raised his motion immediately after he had rested his case-in-chief. In his complaint, Mahaffey requested that the chancery court confirm that he owned the property as described in his deed. After he presented his evidence, Mahaffey moved to amend his complaint to include a claim to “alternatively ... reform the legal description in [his] chain of title and/or ... to correct inconsistencies in the legal descriptions between monuments and courses of distances.” In other words, Mahaffey originally sought to confirm his deed, and after presenting his evidence, he sought to completely abandon his initial theory and sought to adopt the opposite theory.
 

 ¶ 10. A motion for leave to amend a complaint is a matter left to the discretion of the trial court.
 
 Webb v. Braswell,
 
 930 So.2d 387, 392 (¶ 8) (Miss.2006). We review the trial court’s decision according to the abuse-of-discretion standard.
 
 Id.
 
 That is, we do not have authori
 
 *1193
 
 ty to reverse the trial court unless we first find that the trial court abused its discretion.
 
 Id.
 

 ¶ 11. Pursuant to Mississippi Rule of Civil Procedure 15(b):
 

 When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the maintaining of the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires.
 

 A party is not entitled to an absolute right to amend pleadings. Amendments are to be denied if allowing the amendment would prejudice the defendant.
 
 Hester v. Bandy,
 
 627 So.2d 833, 839 (Miss.1993). Mahaffey originally sought to confirm his deed, and later he sought to amend his complaint so he could argue for reformation of his deed. It would have prejudiced the Maners to allow Mahaffey to completely abandon his initial argument and adopt the alternative argument when the Maners had been preparing to rebut Mahaffey’s claim for approximately one year. What is more, Mahaffey claimed that he was surprised by portions of Townsend’s testimony, but there was no indication at trial that Townsend had ever given Mahaffey any reason to believe that he would testify differently than he testified at trial. A motion to amend the pleadings should be prompt and not due to a lack of diligence.
 
 TXG Intrastate Pipeline Co. v. Grossnickle,
 
 716 So.2d 991, 1011 (¶ 57) (Miss.1997).
 

 ¶ 12. Finally, it is noteworthy that even if the chancery court would have allowed Mahaffey to amend his pleadings, that would not have changed the outcome of the litigation. The facts are clear from Mahaf-fey’s own witnesses that the Maners met the standard of proof for adverse possession. Mahaffey’s mother, Miriam, was Mahaffey’s predecessor-in-title. There was evidence that, in 1994, Miriam had expressed that a fence line was not correctly placed onto portions of her property. Nevertheless, Miriam did nothing to correct the error. Mahaffey testified that he rarely visited the property, although he fished “quite a bit” in an undisputed area. Furthermore, Mahaffey’s argument on appeal is related to the chancery court’s decision to deny his motion to amend the pleadings. Mahaffey does not expressly claim that the chancery court erred when it found that the Maners had adversely possessed the .4-acre portion central to this controversy. Based on the analysis above, we do not find that the chancellor abused his discretion when he denied Ma-haffey’s motion to amend his complaint. It follows that we find no merit to Mahaffey’s argument on appeal.
 

 ¶ 13. THE JUDGMENT OF THE SCOTT COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 
 *1194
 
 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.